**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

In re JAMES JULIUS BOOKER, II,    )    Case No. 08-61565-LYN
                                                          )
                                                          )
            Debtor,    )
                                                          )

## MEMORANDUM AND ORDER

This matter comes before the court on a motion for hardship discharge. This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). This court may enter a final judgment.

On July 9, 2008, the debtor filed a chapter 7 petition. The case was converted to chapter 13 because the debtor did not want to lose the $30,000.00 in equity that he held in his house. One unsecured claim in the amount of $755.92 was filed. Two priority tax claims totaling $2,155.30 were filed. The plan provided for payments of $490.00 per month for 60 months. The Court confirmed his chapter 13 plan of reorganization.

The debtor has paid the trustee $3,800.00 toward the plan. The Debtor's attorney's fees have been paid from this amount. All creditors who filed unsecured claims would be paid in full if the debtor paid an additional $2,273.00 to the trustee.

Section 1328(b) provide:

[A]t any time after the confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not completed payments under the plan only if-
(1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;

(2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and

1

(3) modification of the plan under section 1329 of this title is not practicable.

The burden of production and the burden of persuasion are on the debtor.

While it does not appear that the Debtor has met any of the three prongs of the test under Section 1328(b), the motion will be denied because the Debtor has not met the test under Section 1328(b)(2).  Under that prong, in order to receive a hardship discharge, a debtor must pay all of his unsecured creditors an amount that is equal to or greater than what they would be paid if the case were a case under chapter 7.  In chapter 7, the Debtor's unsecured creditors would be paid in full.  The motion must be denied because the Debtor has not paid all of his unsecured creditors as much as they would receive if this were a case under chapter 7.

## **ORDER**

The Debtor's motion for a hardship discharge under 11 U.S.C. § 1328(b) shall be and hereby is denied.

So ORDERED.

Upon entry of this Order the Clerk shall forward copies to Marshall M. Slayton, Esq., the chapter 13 trustee, the United States trustee and all creditors.

Entered on this  2nd  day of July, 2010.

      William E. Anderson
      United States Bankruptcy Judge